■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAM SMALL, Appellant. Ughetta, Acting P. J., Christ, Brennan and Munder, JJ., concur: Benjamin, J., dissents and votes to affirm the judgment with the following memorandum: This conviction stems from a brawl in which Sam Small used a crowbar and Walter Small, his codefendant, used a rifle. Walter and Sam were acquitted on the first count of the indictment, in which Walter was charged with assault with a loaded rifle with intent to kill and Sam was charged with aiding and abetting in such assault. The second count charged Walter with assault with the rifle and charged Sam with aiding and abetting Walter in his assault with the rifle; the third count charged Sam with assault with the crowbar; the fourth count charged Walter and Sam with assault with the rifle and crowbar. The court charged the jury that it need not consider the third and fourth counts if it found Walter and Sam guilty under the first or second count. The jury then convicted Walter and Sam under the second count and did not consider the third and fourth counts. On the record in this case, I think the jury could, and apparently did, reasonably infer that Sam knew that Walter had a rifle and should have anticipated that Walter would use it in their joint assault. Moreover, the court charged, without exception, that, if Walter and Sam acted with each other in pursuance of a common criminal design and with a common intent, each was an accomplice of the other and each was responsible for the other's acts. On this record and under such charge the jury could, and properly did, find Sam guilty of the second count of the indictment. It should also be noted that the jury would undoubtedly have convicted Sam of assault with the crowbar under the third count, if they had not been instructed to ignore that count if they found guilt under the second count, since the proof as to Sam's assault with the crowbar was overwhelming. For these reasons, I think the conviction of Sam on the second count is supported by the record and should be affirmed.

And if there were to be a reversal because of a supposed insufficiency of proof as to Sam's complicity in Walter's assault with the rifle, the interests of justice would require that a new trial be ordered so the People would have an opportunity to supply further proof on that point. (See related appeal, *People* v. *Small*, 28 A D 2d 959, decided herewith.)